## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| MARK KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00071-TWP-KMB |
| ) | |
| DANIEL DORMAN, Executive Director for ) | |
| Operations United States Nuclear Regulatory ) | |
| Commission, ) | |
| DAVID WRIGHT, Chairman, NRC, ) | |
| CHRISTOPHER HANSON, Commissioner, NRC, ) | |
| JEFF BARAN, Commissioner, NRC, ) | |
| ) | |
| Defendants. ) | |

### ORDER OVERULING PLAINTIFF'S OBJECTION TO THE REPORT AND RECOMMENDATION, ADOPTING THE RECOMMENDATION AND DISMISSING THIS ACTION

This matter is before the Court on the Plaintiff' Mark Kelly's ("Kelly") Rule 72 Objection to the Magistrate Judge's Report and Recommendation on Plaintiff's Motion to Amend Complaint and Motion to Accept Second Amended Complaint (Dkt. 28). For the reasons stated below Kelly's objection is overruled and the Magistrate Judge's Report and Recommendation is adopted.

### I.   LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B) (2012); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ.

P. 72(b)(3). *Schur*, 577 F.3d at 760-61. A district court may also refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a).[1]

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judges' decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. Further, if a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

## II.  PROCEDURAL AND FACTUAL BACKGROUND

The procedural background in this case is uncontested. On May 24, 2022, *pro se* Plaintiff Kelly initiated this action against Defendants Daniel Dorman, Executive Director for Operations

---

[1] Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

at the United States Nuclear Regulatory Commission ("NRC"); David Wright, Chairman of the NRC; Christopher Hanson, Commissioner of the NRC; and Jeff Baran, Commissioner of the NRC ("collectively, the Defendants"). On June 15, 2022, the Court screened and dismissed Kelly's Complaint for lack of jurisdiction. (Dkt. 11.) The Court stated that it could not "discern from the Complaint any actions taken by the specifically-named Defendants … that harmed Plaintiff's 'employability, professional standing, and his general well being" because he had "not identified the Defendants' actions that caused any concrete injury to" him. *Id*. at 6.

The Court granted Kelly leave to file an amended complaint and informed him that if he filed an amended complaint, it must comply with Federal Rule of Civil Procedure 8 and demonstrate that jurisdiction in this district court is proper, and that it "must include a demand for the relief sought [and] … identify what legal injury Plaintiff claims to have suffered and what persons are responsible for each such legal injury ….". *Id*. at 7. The Court extended the show cause deadline and on September 13, 2022, Kelly filed a Motion to Amend Complaint, which included within the document a proposed Amended Complaint. (Dkt. 18.) The proposed Amended Complaint is over 100 pages long and largely recites the same allegations that were contained in the initial Complaint. On November 14, 2022, Kelly filed a Motion to Accept Second Amended Complaint. (Dkt. 20.) This Motion again includes within it a proposed complaint that is over 100 pages long and recites similar allegations as those in his initial Complaint.

The Court issued an order, pursuant to 28 U.S.C. § 636(b)(1)(B), requesting that the Magistrate Judge issue a report and recommendation on the Motion to Amend Complaint and Motion to Accept Second Amended Complaint (Dkt. 25). The Magistrate Judge issued her Report and Recommendation on December 12, 2022, (Dkt. 27), and on December 27, 2022, Kelly filed

3

the instant motion titled "Plaintiff's Motion on Magistrate's Report and Recommendation on Plaintiff's Motion to Amend Complaint and Motion to Accept Second Amended Complaint" (Dkt. 28), which the Court treated as a timely objection to the Magistrate Judge's Report and Recommendation. The Defendants filed their Response in Opposition on January 17, 2023, (Dkt. 30), and Kelly filed a Reply on January 24, 2023, (Dkt. 31).

### III.   DISCUSSION

The Magistrate Judge recommends that the District Judge deny as moot Plaintiff's Motion to Amend Complaint, (Dkt. 18), since Kelly filed a Motion to Accept Second Amended Complaint, (Dkt. 20), in which he stated that he prefers for the Second Amended Complaint to succeed the Amended Complaint as the operative complaint.   The Magistrate Judge further recommends that the District Judge grant Kelly's Motion to Accept Second Amended Complaint, (Dkt. 20), and consider his Second Amended Complaint to be the operative complaint for screening purposes. Thereafter, the Magistrate Judge screened the Second Amended Complaint and recommends that the Second Amended Complaint be dismissed for lack of jurisdiction.   (Dkt. 27 at 3-8.)

In his 34 page Objection to the Report and Recommendation, Kelly argues that his claims have Article III standing and he proceeds to summarize and repeat much of the arguments and assertions contained in the Second Amended Complaint. (Dkt. 28.)

In its *de novo* review of the Second Amended Complaint, the Court agrees with the Magistrate Judge that Kelly's allegations do not meet the standard set by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177 (7th Cir. 1989) (allegations must have minimum plausibility to support jurisdiction, or risk dismissal under the substantiality doctrine); *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir.

4

2014) (holding that "[a] generally available grievance about government—claiming only harm to … every citizen's interest in proper application of the Constitution and laws is not considered an injury for standing purposes").

The Court wholly agrees with the Magistrate Judge's assessment that Kelly attempts to generally claim that he has been personally harmed in several vague and conclusory ways. For example, Kelly makes the following allegations: "The NRC Reports and practices have harmed Plaintiff and could do so again, so they require mitigation," (Dkt. 20 at 7); "Defendants' decisions and the actions of NRC staff who work under their authority specifically harmed Plaintiff," (*id*. at 12); "Defendants' actions deprived Plaintiff of legal protections and violated his Constitutional Rights to Due Process and to Free Speech," (*id*.); and "[t]he NRC Reports harmed Plaintiff's interests in Federal Courts," (*id*. at 78). These and other allegations made throughout the Second Amended Complaint are merely conclusory allegations of harm and do not specifically identify conduct from Defendants that concretely harmed Kelly—thus, they are not sufficient to state a plausible claim for relief. (Dkt. 27 at 7.) Unfortunately for Kelly, his Second Amended Complaint presents only conclusory allegations of fraud against his former employer and it remains difficult to ascertain exactly what his allegations are and specifically against whom. The Magistrate Judge properly ruled that this court could not order the relief requested, which essentially seeks mandamus relief, i.e., to have the district court order the NRC to take specific action. Under 28 U.S.C. § 1361, mandamus jurisdiction can be invoked only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available. *Blaney v. United States*, 34 F.3d 509, 513 (7th Cir. 1994). Kelly's concerns do not create such a duty and the Magistrate Judge has therefore properly determined

5

that no jurisdiction exists for his requested relief.

The Court also considers, *de novo*, the Defendants' argument that Kelly's claim against them would be time barred. A six-year statute of limitations pursuant to 28 U.S.C. § 2401(a) applies to actions brought against the federal government pursuant to the Administrative Procedures Act. 5 U.S.C. § 704; *Crown Coat Front Co. v. United States*, 386 U.S. 503, (1967). In his Second Amended Complaint, Kelly alleges that he received the NRC's letter responding to his public safety concerns in December 1999. (Dkt. 20 at 25). Defendants contend that Kelly has continued to write to the NRC over the years, and the NRC has responded to his concerns, and the issues all relate to his belief that in the mid to late 1990s when his employer Lambda Research falsified its data (Dkt. 30 at 7.) As argued by Defendants, these issues have been known to Kelly since at least 1998 and they have been addressed by the NRC and in prior litigation.[2] The Court agrees that Kelly is unable to revive these stale claims in this action.

Having reviewed the Report and Recommendation in detail, and the parties briefing on the Objection, the Court agrees with the Magistrate Judge's analysis and determines that dismissal of the Second Amended Complaint is appropriate because this Court lacks jurisdiction to hear the matter.

---

[2] Defendants report that in August 2000, Kelly filed a lawsuit in the United States District Court for the Southern District of Ohio against his former employer, Lamba Research, Inc., alleging that he was retaliated against for bringing to Lambda's attention his belief that Lambda's practices did not conform to industry standards. *Kelly v. Lambda Research, Inc*., Case No. 1:00-cv-00661-SSB (S.D. Ohio); aff'd, 89 F. App'x 535 (6th Cir. 2004). The evidentiary record in that case showed that on December 16, 1999, NRC sent a letter to Kelly responding to his concerns, articulating "its final conclusion, based upon the carefully considered opinions of expert scientists and engineers experienced 'in texture analysis from a fuel cladding design perspective', that absolutely no safety hazards were posed by Lambda's alleged practices which Kelly had faulted." *Id*. at 545. Kelly admitted in that case that NRC's letter "alleviated his 'immediate fears.'" *Id*. The Sixth Circuit Court of Appeals affirmed the district court's decision to grant summary judgment in Lambda's favor because "no reasonable jury could find that, on and after approximately December 16, 1999, the plaintiff reasonably believed that Lambda's practices, which had been the target of his complaints to management and his 'whistleblower' report to the NRC, were risking human safety." *Id*.

The Court finds no error in the Magistrate Judge's recommendation to dismiss Kelly's Second Amended Complaint and **overrules** the objection to the recommendation.

## V. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Kelly's Objection, Dkt. [28], and **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's proposed Amended Complaint, Dkt. [18], is **DENIED AS MOOT**, Plaintiff's Motion to Accept Second Amended Complaint, Dkt. [20] is **GRANTED**, and Plaintiff's Second Amended Complaint, Dkt. [20], is **DISMISSED** for lack of jurisdiction.

This action is **DISMISSED without prejudice**. Final judgment will issue in a separate filing.

**SO ORDERED.**

Date: 2/24/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark Kelly
10955 South Fork Road
Dillsboro, Indiana   47018

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

7